# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60284
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 11, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MERCEDES SANCHEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:14-CR-39-1

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Mercedes Sanchez appeals her conviction and sentence for possession with the intent to distribute methamphetamine. Sanchez asserts that the district court erred in refusing to allow her to offer as evidence at trial the exculpatory statements made by her deceased husband in accepting responsibility for the methamphetamine found in Sanchez's truck. She contends that the statements were admissible under Rules 804(a)(4) and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60284

804(b)(3) of the Federal Rules of Evidence.  Sanchez claims that (1) her decreased husband's statements exposed him to criminal liability, (2) the corroborating circumstances indicated the trustworthiness of the statements, and (3) he was unavailable as a witness.  The corroborating circumstances, she contends, are that she consented to a canine sniff of the truck, her husband usually drove the truck, and she denied knowledge of the drugs.

A statement by a witness who is unavailable under Rule 804(a)(4) is admissible under Rule 804(b)(3) as a statement against penal interest if: (1) the declarant is unavailable; (2) the statement subjects the declarant "to criminal liability such that a reasonable person would not have made the statement unless he believed it to be true"; and (3) the statement is corroborated by circumstances "clearly indicating trustworthiness." *United States v. Bell*, 367 F.3d 452, 466 (5th Cir. 2004).  We shall uphold a district court's determination regarding the trustworthiness of a statement unless it is clearly erroneous. *United States v. Dean*, 59 F.3d 1479, 1492 (5th Cir. 1995).

There is no corroborating circumstance showing that Sanchez's husband was ever in possession of the truck.  Even though she avers that she consented to a canine sniff of her truck, the record shows that Lieutenant Nick McLendon told her he could perform the sniff even if she did not consent to having the vehicle inspected by a mechanic.  She opted for the sniff over the prospect of having the truck searched at a mechanic's shop.  Other than Sanchez's own testimony, there is no evidence to corroborate her assertion that her husband accepted responsibility for the drugs.  The district court did not clearly err in determining that the statement was not reliable or trustworthy and in refusing to admit it. *See Dean*, 59 F.3d at 1492.

Even if there were some corroboration for the statements, there is still enough inculpatory evidence on which the jury could rely to convict Sanchez,

No. 15-60284

so that any improper exclusion of her husband's vague out-of-court statement would be harmless error.  *See Bell*, 367 F.3d 468 (applying harmless error standard).   Sanchez gave implausible and inconsistent stories, traveled a circuitous route from Mexico to Atlanta which avoided checkpoints, and was found with 47 pounds of 99.8% pure methamphetamine.  *See United States v. Vasquez*, 677 F.3d 685, 695 (5th Cir. 2012) (noting that "[t]he high value of the concealed narcotics can also support knowledge").

The judgment of the district court is AFFIRMED.